

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

**UNITED STATES OF AMERICA**

vs.                                               CRIMINAL CASE NO. **17-CR-124**

**Marcus Hutchins**                              2:17-mj-00825-NJK

**DEFENDANT**

## ASSERTION OF RIGHT TO BE PRESENT IN COURT UNSHACKLED

I, the above-named Defendant, hereby assert my Fifth Amendment Right to be present in Court without shackles. As announced in *United States v. Sanchez-Gomez*, ___ F.3d ___, 2017 WL 2346995, *9 (9th Cir., May 31, 2017):

> Before a presumptively innocent defendant may be shackled, the court must make an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom. *See, e.g., Gonzalez*, 341 F.3d at 900; *Duckett*, 67 F.3d at 748; *Spain*, 883 F.2d at 721, 728. Courts cannot delegate this constitutional question to those who provide security, such as the U.S. Marshals Service. Nor can courts institute routine shackling policies reflecting a presumption that shackles are necessary in every case.

Consequently, this Court must order that the above-named Defendant shall appear before this Court without shackles, unless and until this Court makes an "individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." *Id.* Moreover, the Court "cannot flip the presumption against shackling by requiring that the defendant come up with reasons to be *un*shackled." *See id.*, n.9. Based on the Ninth Circuit's ruling, absent a hearing, the Defendant must appear without shackles.

_____
Defendant's Signature

**Dan Coe, 411 E. Bonneville #250 LVN 89101**
Attorney's Name and Address

_____
Attorney's Signature

**8/3/17 @ 1000 AM**
Date and Time